UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY C. McANARNEY, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LABORERS'
ANNUITY FUND; JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he
is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL
SERVICES FUND,                                                                                   C.A. No.
                Plaintiffs,

vs.

AFFORDABLE BUILDING SOLUTIONS, LLC,
                Defendant.

_____

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains

apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Affordable Building Solutions, LLC ("Affordable") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant Affordable is a Massachusetts Limited Liability Company with a principal place of business at 60 Easton Street, Lawrence, Massachusetts and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about November 14, 2013, Affordable agreed in writing to be bound to the terms of the Acceptance of Agreement and Declaration of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of Affordable's signed Acceptance of Agreement and Declaration of Trust ("Acceptance of Agreement") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreements, Affordable is party to the Massachusetts State-Wide Wrecking and Environmental Remediation Agreement between the Union and the Massachusetts Building Wreckers' and Environmental Remediation Specialists Association, Inc. ("the CBA"). A copy of the relevant pages of the 2016 - 2020 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 16-19.

13. The CBA also requires employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Massachusetts Demolition Industry Advancement Program for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 11-13, 19-23. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency. Id. at 26-27.

15. Signatory contractors such as Affordable are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

16.     Affordable has failed to submit contributions and reports in a timely manner for the months of August, September, and October 2016.  On information and belief, Affordable employed laborers for work covered by the CBA during these months.

17.     On December 1, 2016 counsel for the Funds sent a letter to Affordable via certified mail, return receipt requested, and first class mail, apprising it that it owed contributions and remittance reports for the aforementioned months.  No reports or payments have been received in response to this letter.

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19.     The failure of Affordable to make payment of all contributions and interest owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20.     Absent an order from this Court, Affordable will continue to ignore its obligations to remit the contributions it owes to the Funds.

21.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

22.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24. The failure of Affordable to pay the contributions due for the months of August, September, and October 2016, to remit the deducted dues, and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of Affordable;

b. Order Affordable to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c. Enter a preliminary and permanent injunction enjoining Affordable from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d. Enter a preliminary and permanent injunction enjoining Affordable from refusing or failing to pay contributions owed to the Funds;

e. Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of August 2016 through the present, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest

owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

    f.    Enter judgment in favor of the Funds on Count II for the amount of any unpaid contributions and dues from August 2016 through the present, and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

    g.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, et al.,

By their attorneys,

/s/ Alexander Sugerman-Brozan
Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 236
abrozan@segalroitman.com

Dated: December 22, 2016

## VERIFICATION

I, Barry C. McAnarney, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20TH DAY OF DECEMBER, 2016

                                          Barry C. McAnarney

ASB/asb&ts   6306 16-505/complt.doc